<div style="margin">
ALBANY,
Feb. 1808.

Piersons
v.
Hooker.
</div>

## Pierson and Pierson *against* Hooker.

<div style="margin">
If one of several partners, execute a deed of release under his hand and seal, in the name of the copartnership, of a debt due to the copartnership, it is binding on all the partners. Such a release, being for *all demands*, parol
</div>

THIS was an action on an *Inland Bill of Exchange*, drawn by the defendant on *Adams, Merrit & Co.* in favour of the plaintiffs, payable 60 days after date, for two hundred and seven dollars and seventy-six cents, dated the 10th day of *July*, 1804. The bill was accepted by the drawees.

At the trial, the signature of the defendant, and of the acceptors, was admitted, and that due notice of nonpayment, had been given to the defendant. It was proved that the defendant promised payment of the bill after

evidence is inadmissible to show that a particular debt was not intended to be released. Where an indorsor of a note, which has not been paid by the maker, afterwards promises the holder to pay the note, a previous demand on the drawer, and notice to the indorsor, need not be proved, but will be presumed.

it became due, and the judge ruled, that a promise to pay by the drawer, was a waiver of the necessity of proving a demand on the drawee, or notice to the drawer.

The defendant then produced a sealed instrument, dated 17th *June*, 1805, and executed by one of the plaintiffs, *in the name of the firm*, by which he acknowledged a receipt of ten shillings in the pound, and in consideration of one shilling paid, *released* the defendant of and from all debts and demands, of every nature and kind whatsoever. The judge decided, that this release extinguished the debt. The plaintiff then offered evidence, that at the time of the execution of the release, it was not intended that it should affect the present demand, and that the defendant had since promised to pay the bill. This testimony was objected to and overruled, and the plaintiffs were nonsuited.

A motion was now made to set aside the nonsuit.

*Foot* for the plaintiff. Considering this release as a deed, it is the deed only of the partner who signed the copartnership name. It amounts, then, to no more than a release by that partner. Now, a release signed by one individual partner, will not release a copartnership debt, unless it be expressly mentioned as a debt due to the copartnership. If it is not stated to be a copartnership debt, the release operates as a discharge only of the private debts due to the individual. But the instrument, in the present case, can have no other effect than a writing without seal; and as it was uncertain whether private or copartnership debts were intended, there was an ambiguity which the plaintiff ought to have been allowed to explain by parol evidence.

*Sedgwick* contra. The principle that one partner cannot execute a deed for his copartner, does not apply to the present case. The partner who signs the copartnership name, and affixes his seal, is bound by it, as his own act; and it is a settled rule, that a release by one of two joint creditors, is a bar to any action for the joint debt. The release is a *deed*, and is not to be explained by parol. Nor

is there any ambiguity as to what debts were intended, for it is a release of all demands. Another point in the cause, is whether a subsequent promise by the drawer, is a waiver of the notice of non-payment. [*The court* said that he need not argue that point.]

KENT, Ch. J. delivered the opinion of the court. The release was executed by one of the plaintiffs *in the partnership name.* It is therefore impossible to doubt, but that it was intended to affect and cancel partnership demands. The plaintiffs, however, offered parol testimony to show that the *present* demand was not one of those which were intended to be included. But the instrument is general and comprehensive, and expressly reaches to every debt and demand of every kind. To show by parol proof that it was not so intended, is to contradict or explain away the instrument, which is contrary to the established rule of law. It is again said, that one partner cannot bind another by deed. This, as a general position, is correct; but it does not apply to the case before us. Here was no attempt to charge the partnership with a debt by means of a specialty, but it is the ordinary release of a partnership debtor. It is a general principle of law, that where two have a joint personal interest, the release of one bars the other; (*Ruddock's case,* 6 Co. 25.) and I cannot perceive, that the case of copartners in trade forms an exception to the general rule. Each partner is competent to sell the effects, or to compound, or discharge the partnership demands. He is to be considered as an authorised agent of the firm, for all such purposes. (*Watson,* 137. 141.) Each has an entire controul over the personal estate. So, in like manner, one co-executor or administrator, cannot bind his companion to an obligation, but he may commit a separate *devastavit,* and release a debt. This court admitted the general principle, in the case of *Clement* v. *Brush,* (*July* term, 1802,) in which it was held, that if one partner gave his separate bond for a copartnership, simple contract debt, the simple contract was *extinguished* by the specialty.

As the matter set up by way of defence, was admissible and sufficient, it becomes unnecessary to examine an objection raised to the testimony in support of the plaintiff's right of action, that the plaintiffs did not prove a previous demand on the drawees of the bill. If this was now to be decided, it would perhaps be sufficient to refer to the case of *Lundie* v. *Robertson*, (7 *East*, 231.) in which the very point arose, and the court of *K. B.* held, that where the indorsor had made a subsequent promise to pay, a previous demand on the drawer, and due notice to the indorsor were to be presumed, and need not be proved. This decision was agreeable to the ancient opinions of Lord *Raymond*, and Ch. J. *Lee*, at *nisi prius*. (See *MS.* report of *Burnet*, in a note to the above case, and *Str.* 1246.) On this last point, however, we give no definitive opinion: but on the ground of the competency and conclusiveness of the defence, the motion for a new trial is denied.

Rule refused.

