Sedgwick, J.
[After reciting the facts from the judge’s report.] It is undoubtedly true, as a general rule, as contended by the counsel for the defendant, that where the holder of a bill of exchange discharges a party who is liable to the payment of it, all other parties to it, whose liability is subsequent to that of the party discharged, are thereby discharged also; and it is likewise true that the acceptor is first liable. He is liable to the drawer, the payee, and to all the endorsees. The reason of * the rule is very [ * 89 ] clearly expressed by Lord Eldon, in the case of English vs Darley, cited at the bar. “ It is true that the holder of a bill of exchange has his remedy against all the parties on a bill; but the holder has it not in his power to give time to a party on the bill first liable, and afterwards to proceed against another; the holder may give time to his immediate endorser; he may discharge him out of custody, at the same time that he is proceeding to execution against a prior endorser to him, or against the drawer or acceptor; but he can *74 not give time to, or discharge the drawer or acceptor, and afterwards proceed against that endorser. Suppose the holder, a second endorsee, should give time to the payee, the first endorser, and take his warrant of attorney payable at a future time, — could he proceed and take out immediate execution against his immediate endorser ? I think not; for if that endorser paid the money, he would have a right to proceed immediately to his endorser, that is, to the payee, who had before had time from the holder; this is inconsistent.” And the same reasoning applies, certainly with equal strength, in the case of a discharge, as in one where time of payment is given, as was that then under consideration.
The rule, then, supported by the reason on which it is founded, would apply in this case, if, on a recovery against the defendant, he could support an action against Mr. Smith as the acceptor, and not otherwise.
But it is impossible this could be the case ; for the bill would be paid by the defendant with money which belonged to Smith, and which had been retained and appropriated for the express purpose, to which it would be applied ; and this must always be deemed a sufficient answer for Smith to an action by the defendant against him.
It is observable, that the real dispute in this case is between the creditors of Smith and the plaintiff in the action. But all the claim which the creditors can make is by virtue of the as- [ * 90 ] signment expressed in the indenture ; * but that assignment is explicitly made subject to the payment of any bill, which had been, or might be, drawn on Smith for the purchase of a cargo, or part of a cargo, for the brig Levant. Now, that this is a bill exactly of that description, and therefore that the money sufficient for its discharge, — the very money in the hands of the defendant, by him reserved for the payment of the bill,— is excepted from the assignment, is most evident.
Should the defendant in this case prevail, the consequence would be, that the money in his hands belonging to Smith must be paid over to him; for, by the terms of the assignment, it is excepted, as has been observed, from its operation; and of course the plaintiff would receive no more than his proportional dividend of the property assigned; which would be manifestly repugnant to the intention of the parties to the indenture — an intention fair and honest, and which, I think, ought not to be defeated.
It is the opinion of the Court, that the direction of the judge was right, and that the verdict ought to stand.

Judgment according to the verdict.