Per Curiam.

The exceptions in this case are made against principles long settled by a variety of decisions. The general principle, that an endorser of a promissory note engages conditionally only, and becomes responsible according to the usages among merchants in the negotiation of bills of exchange and promissory notes, and not otherwise, is decisive of this case. Any credit by the endorsee and holder, to the drawer, acceptor, prior endorser or promisor, is a consent to hold the demand upon their responsibility ; and the *415 holder has no remedy afterwards but against them, where the circumstances of the transaction have rendered them liable absolutely and at all events, (a)
Kimball, the holder of this note under the endorsement of the present defendant, when it had been due about three months, demanded payment of the maker, but without success; and no notice was given to the defendant of the maker’s neglect or inability to answer the demand. But the note was retained, and a partial payment received afterwards from Shaw, the maker; and, according to the facts stated in the exceptions, the present defendant had no notice that he was looked to, or his credit relied upon, for the balance of this note, until the spring of 1808, more than two years after the first demand of payment.
Upon these facts, the present defendant, as endorser, was discharged from all responsibility in consequence of Kimball’s neglect in demanding payment of the promisor, and in * notifying the endorser. The subsequent negotiation, [ * 496 J or delivery of the note to another party, could not alter the state of the demand, or renew in any manner the liability of the present defendant.

Judgment is to be entered according to the verdict.

 [The holder does not lose his claim upon the endorser, unless he agree to give time to the maker, or person first answerable, so as to preclude himself from suing him and thereby suspend his remedy for a time. — Chitty on Bills, 8th ed. 442 — Ed.]