Overton J.
 

 delivered the following opinion of the court,
 

 M’Cullock brought an action on the case, in which he counted for two hundred dollars in the swap of horses ; and for goods, wares and merchandizes sold and delivered.
 

 To this action Harwell pleaded payment, non assumpsit, statute of limitations, set off, &c.
 

 M’Cullock proved, that within three years past, there was a conversation between the plaintiff and himself, of, and concerning the matter in dispute
 
 ;
 
 in this conversation Harwell said he owed the defendant one hundred and thirty dollars, for which he had given an order on Hamilton ; upon which the defendant then offered to return the order; the plaintiff refused to receive it, but said he would settle with the defendant before he left the country.
 

 The plaintiff applied to the circuit court to instruct the jury that the order should be produced, as the best evidence ; and that the statute of limitations was a bar, which the court refused to do, whereupon exception was taken ; and the question now is, was the circuit court correct or not. Verdict and judgment for M’Cullock.
 

 On the part of the plaintiff it has been insisted-—.
 

 First. That the evidence does not support the declaration ; for which was cited Bull. N. P. 139. 1 Esp. N. P. 264, 130, 2 Ld. Ray. 928.
 

 Secondly. Suit ought to have been brought on the order 5 T.
 
 R.
 
 513, 1 John. 33, 2. Bac. Ab. 291 tit, debt, 1. T. R. 712, Hayw.
 
 Rev.
 
 76.
 

 
 *276
 
 Thirdly, The order ought to have been produced, being higher evidence than verbal testimony.
 

 Fourth, The defendant ought to have proved that he presented the order to Hamilton ; that he either failed to accept, or pay it, and that he gave notice thereof to Harwell.
 

 In defence it has been urged—
 

 First. That this court is wholly appellate as it respects legal questions, though possessing original jurisdiction in equity. This record presents a question of fact and not of law, over which this court has no control. It is a court of limited jurisdiction 3 Bl. Com. 154, 1 T. R. 486.
 

 Secondly. There was no necessity to produce the order on trial, the declaration was not bottomed on it, nor was there any necessity to do so; it was collateral to the original contract upon which the defendant brought his action 2 Esp. N. P. 507, 6 T. R. 52,
 
 7
 
 T. R 66, 1 Burr.
 

 Third. The order is not to be considered in the light of a bill of exchange ; if it were, a protest was not necessary to enable the payee to recover the principal of the drawer 4 Wils. Ed. Bac. Ab. 724
 
 ;
 
 but the proof is sufficient to infer a protest 3 John. 68, 4 Wils. Ed. Bac. Ab.
 
 727
 
 ; and in the case of a bill of exchange a subsequent promise dispenses with protest.
 

 Fourth. The slightest acknowledgment takes a case out of the statute of limitations,
 

 The court is of opinion that the act of assembly respecting orders, does not put them on the footing of bills of exchange, nor does the act affect this case one way or the other.
 

 In assumpsit and even in debt at this day, it is not necessary that the sum recovered should be the sum declared for. Though the declaration lays an assumpsit for two hundred dollars, the plaintiff at law might prove a less sum.
 

 Nor would it have been proper to bring the action on the order. An order is only
 
 prima facie
 
 evidence of a debt ; of itself, not sufficient to make a recovery without proving a consideration according to the principles of the common law. It is true an act of assembly has given a higher character to orders, by authorising suit to be brought against the drawer on the order, but still it may be questionable whether it is not necessary to prove a consideration. The act directs that no suit shall be brought on an order, until it shall have been presented and protested, but it does not take away any
 
 *277
 
 remedy which a party might have had previously to drawing the order. That stands as it did before.
 

 In this case, it appears from Harwell’s acknowledgment that he owed M’Cullock one hundred and thirty dollars in the swap of horses before the order was drawn
 
 ;
 
 upon the original contract he brought his action, as he well might do.
 

 The giving a bill of exchange, and much less an order, is not of itself an extinguishment of a precedent debt. It may eventually be so in relation to a bill of exchange, by receiving payment, or negligence in keeping it too long without presenting it, by which means the holder makes it his own. And this may be the case with an order, where it appears the drawer had funds in the hands of the drawee, and owing to the negligence of the payee for a long time, the money was lost. Nothing of this kind appears here, and in the case of an order, it was incumbent on the drawer to show this. If this were a bill of exchange, where the law will presume loss after a stated time, it is competent to the drawer to waive negligence in the holder ; and such a waiver appears in the present case. If the plaintiff had lost by M’Cullock's negligence, in not presenting the order, he would have insisted on this circumstance in the conversation which took place ; but instead of doing so, he tells M’Cullock, he will settle the debt before he leaves the country.
 

 It is equally clear with the court, that it was not necessary for the plaintiff at law, to produce the order in support of his action. The previous contract in the swap of horses, is the foundation of the action, and not the order, which is a matter, not of the essence of the contranct, but collateral to it.
 

 The cases referred to by the counsel for the plaintiff in error, were referrible to the idea of the reception of a bill making a part of the original contract ; and not to the fact of the discharge of a previously existing debt, as this case supposes ; when it would be necessary to plead the giving the bill, or order, as a payment. The court sees no ground upon which a dispute respecting the order can well take place ; it is not negotiable as a bill of exchange, and if it were, it is clearly shown that it was not negotiated, for the defendant had it in his possession four years after he had received it, and offered to return it.
 

 If negotiated, it must have been after this time, consequently,
 
 *278
 
 after falling due, and the endorser takes it subject to all antecedent equity.
 

 There is a general count, for goods, wares and merchandize, to which this evidence can apply, and it is our duty, particularly after verdict, to apply it. If, by any reasonable intendment it can be supported, it must be.
 

 The statute of limitations does not apply. The court cannot accord with the English decisions, in laying it down as a rule of law, that the slightest acknowledgment ought to be left to a jury. The statute of limitations is a wise and beneficial law. In at least four fifths of the suits brought after the lapse of time pointed out by the statute of limitations on verbal contracts, demands are without foundation, but not in the power of defendants to show it.
 

 It is not any, the slightest acknowledgment, that shall take a case out of the statute, but such an acknowledgment, as will satisfy a reasonable man, that the defendant considered the debt then existing, or his present liability. The expression of one thing excludes the idea of another. Harwell admitted he was to give M’Cullock one hundred and thirty dollars in the swap of horses, and for that debt he had given an order on Hamilton. No other mode of payment is mentioned ; it consequently resulted, that if the order was not paid, the debt was still due. That there must be an express promise to pay, to take a case out of the statute, would be going too far
 
 ;
 
 if facts are acknowledged from which the existence of the debt necessarily follows, it is sufficient. The judgment must be affirmed.