Van Mess, J.,
delivered the opinion of the court. The assignment must be construed with reference to the schedule, and, taking both into consideration, there can be no doubt that G. W. Brum executed it in behalf of the firm, of which he was a member. He had no private demand of his own against Shelton & Beach, and the only debt against them in which he was interested was the note in question, of which the firm were the holders. The schedule specifies a note of 500 dollars, endorsed by the defendant, and negotiated to the firm, which, no doubt, and so the jury has found, is the note in question. To this may be added the Heceipt, by the firm, of a dividend received from the trustees, which most decisively shows that G. W. tímen, in becoming a party to the assignment, meant, and intended, to act in behalf of the partnership. There can be no doubt that one partner is competent to enter into such a composition as was made in this case, and to release a partnership debt. The question then arises, whether or not the release and discharge of the maker is, in this case, a release of the defendant, the endorser ? The genera! rule is not disputed, but it is argued that this case is not within it. The reason for holding the endorsor discharged, by the discharge of the maker, certainly does not apply here, viz. that the remedy by the former against the latter is materially affected or taken away; because the defendant, who is a party to the assignment, not only as a trustee, but as a creditor to a large amount, as a creditor, released Shelton & Beach from their liability over to him, on this, as well as other notes, en- *60 clorsed by him. He has, therefore, by his own act, relinquished all the remedy he might otherwise have had, in case of his being compelled to pay the whole, or any part, of this note. This is a question of intent, upon the whole instrument. There is no express release of the defendant; and the release of the maker is a discharge of the endorsor, by construction only; and if the intention of the parties was to preserve the liability of the endorsor, it was competent for them to do so. The defendant, is one of the assignees : the funds are to go into his hands, and the note in question is one of the debts which is to be first paid. The assignment contains material stipulations between the three parties, and the defendant must be considered as assenting to the discharge of the makers of the note by the then holders of it; and, it appears to me, with a full understanding, that his liability, as endorsor, was to be left unimpaired. The note in question is inventoried, not specifically, as a debt due to Bruen Co., but thus, “Isaac Marquand endorsed to M. Bruen &f Sons, 500 dollars this, it appears to me, is a plain and unequivocal recognition, by the defendant, that he considered Shelton &f Beach to be his debtors for the amount of the note ; and that his liability, as endorsor, was not to be extinguished by the discharge of the makers. If #this were otherwise, the note would have been mentioned as a debt due from Shelton Beach to M. Bruen &f Co., and not as a debt due from them to the defendant. The intent of the parties clearly appears to have , been, that both the holders of this note, and the defendant, should set the makers free, but that the remedy against the endorsor should remain. It was, no doubt, for this reason that the debt in question was put in the first class. The makers intended to secure (as far as they could) their endorsers, as honorary creditors. As between the holders of this note, and the makers, there was no reason for giving it a preference ; but, as between the maker and endorsor, it was otherwise. I am quite satisfied that this is the true construction of the assignment, and that the defendant must be considered as continuing liable as endorsor; and he must look for indemnity to the funds in his hands, (a)
New trial granted.

 One partner, as such, cannot bind his co-partner by writing, under seal, to comply with an award; yet, where an award is made pursuant to such submission, and the amount awarded in favor of the partnership is accepted by one partner, who endorses upon the award a receipt in full, it operates as a release by one partner, or, as an accord and satisfaction, and is a bar to the partnership claim. Buchannan v. Curry. 19 Johns. Rep. 137. See also Cram v. Caldwell, 5 Cowen, 489. M'Bride v. Hagan, 1 Wendalls Rep. 326. Karthans v. Ferrer, 1 Peter's Rep. 228.