## Case No. 13,657.

SUYDAM et al. v. VANCE.

[2 McLean, 99.] [1]

Circuit Court, D. Indiana. May Term, 1840.

PRINCIPAL AND SURETY — RELEASE OF SURETY — TIME GIVEN—STAY OF EXECUTION—CONSENT OF SURETY—WITNESS — INTEREST — ATTORNEY AND CLIENT.

1. To release a surety the holder of a note must, for a valuable consideration, give time to the principal.

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. If the principal confess judgment at the first term, with stay of execution until the second, and it appears that, in the ordinary course of the business of the court, a judgment could not have been obtained before the second term, no time is given which affects the liability of the surety.

[Cited in Preston v. Hood, 64 Cal. 409, 1 Pac. 489.]

3. Time given to the principal, at the instance of the surety, or with his consent, affords no ground for his release. Nor is an indorser discharged where time is given by an unauthorized agent of the plaintiff.

[Cited in Treat v. Smith, 54 Me. 114.]

4. A witness must have a direct interest to render him incompetent.

5. An attorney who may be chargeable with negligence, is liable, only, to the extent of the injury his client has received.

[Cited in Spangler v. Sellers, 5 Fed. 894.]
[Cited in Bongher v. Scobey, 23 Ind. 587.]

[This was an action at law by H. Suydam & Co. against J. B. Vance.]

Mr. Lockwood, for plaintiffs.
Mr. Switser, for defendant.

McLEAN, Circuit Justice. This action was brought against the defendant as the indorser of a promissory note. The attorney, Mr. Lockwood, being sworn as a witness, stated, that he received the note for collection some time in the year 1838. That he shortly afterwards called on the defendant, as indorser, who admitted that he had received regular notice of the nonpayment of the note, and that he was liable to pay it. When he received the note from the agent of the plaintiff, the witness observed, that if he should have to bring suit against the maker of the note, who resided in Illinois, he should expect a higher compensation than if the suit was brought in Indiana. That the defendant specially requested the witness to bring the suit against the maker. And the note was sent to Illinois, and suit was brought against the maker at the instance and for the benefit of the indorser. The maker of the note executed a power of attorney to confess a judgment on the note, with stay of execution until the second term of the court; and it was proved, that in the ordinary course of proceeding in the court, a judgment could not have been obtained before the second term. No part of the note could be made from the maker, and this suit was brought against the indorser.

The defendant's counsel moved the court, on this state of facts, to instruct the jury: First: That the indorser was discharged from liability, as time was given to the principal on the judgment, as above stated. Second: That the testimony of Mr. Lockwood was incompetent, by reason of interest, and should, therefore, be withdrawn from the jury.

In regard to the first point, it is a well established rule, that where the holder of a note, for a valuable consideration, gives time to the principal on the note, the surety is thereby discharged. It is the right of the surety, at any time, to pay the note, and be substituted to all the rights of the holder; and if the holder shall make a contract with the principal which shall suspend the right to coerce payment, this suspension is to the prejudice of the surety, and he is, consequently, released. But in this case there seems to have been no suspension of the right of the plaintiff, and if there had been such suspension, at the instance, and for the benefit, of the indorser, his consent was a waiver of any advantage from it. It does not appear that either the agent of the plaintiffs or their attorney was authorized to give time to the principal in the note; and if time were given without the authority of the plaintiffs, they are not to be prejudiced by it.

It is proved that, in the ordinary course of the business of the court, a judgment could not have been obtained before the second term; there was no time given, therefore, which could affect the liability of the defendant. Whether we consider the assent of the defendant to the proceedings on the judgment in Illinois, or the fact that no time on the judgment was given beyond the ordinary course of the court, or the power of the agent, it is equally clear that nothing has been done which goes to discharge the defendant. If the holder of a note, who has sued the maker, obtain a judgment, and agree, in consideration thereof, not to issue execution before a certain day, before which day he could not, by the practice of the court, have otherwise obtained a judgment; this is not such an indulgence to the maker as will discharge the indorser. Hallett v. Holmes, 18 Johns. 28; Bruen v. Marquand, 17 Johns. 58.

There seems to be no ground on which to overrule the testimony of the witness, Lockwood. It is contended that, by giving time on the judgment in Illinois, he has made himself liable to the plaintiff, and that by establishing a right of recovery against the present defendant, he exonerates himself. In the first place there seems to be no ground on which to make the witness liable as an attorney. His liability attaches, in this view, only for gross negligence. And the extent of his liability depends upon the injury the plaintiffs may have received. It must be shown, therefore, not only that the attorney was grossly negligent in proceeding against the maker of the note, but that the amount might have been collected from him, had the proper steps been taken. Now, there is no evidence of negligence whatever, nor any as to the ability of the maker of the note, at any time, to pay it. There is, therefore, not the shadow of a ground for the objection to the competency of the witness.

The verdict in this case can, in no respect, operate beneficially to the witness, in any suit which may be brought against him. And, indeed, it appears, from the facts, that

he is in no shape liable to the plaintiffs, for the amount of the note in question.

The jury found for the plaintiffs, and a judgment was entered on the verdict.