HAWKINS (LA BAW v.). See Cases Nos. 7,960 and 7,961.

HAWKINS (OLCOTT v.). See Case No. 10,-480.

HAWKS (STARLING v.). See Case No. 13,-311.

## Case No. 6,246.

HAWKINS et al. v. THOMPSON.

[2 McLean, 111.] [1]

Circuit Court, D. Illinois. June Term, 1840.

NEGOTIABLE INSTRUMENTS—PROMISSORY NOTE — RELEASE OF INDORSER.

A release of a remote indorser by the holder of a note, is a discharge of the subsequent indorsers.

[This was an action at law by Hawkins and Davis against Samuel Thompson.]

Mr. Davis, for plaintiff.
Mr. Logan, for defendant.

BY THE COURT. This is an action of assumpsit brought against the defendant as assignor of a note given by John Acheltree to Francis B. Thompson, for seven hundred dollars, dated the 30th February, 1837, and payable the 15th May, 1838. The note was assigned by the payer to Samuel Thompson, the defendant, the 11th March, 1837, and by him to the plaintiffs the 29th January, 1838. The issue of nonassumpsit was filed, and notice that the following release would be given in evidence: "St. Louis, February 28th, 1838. Received of Francis B. Thompson, per the hands of his attorneys; one note on John Acheltree, of Maysville, Clay county, Illinois, for seven hundred dollars, due 15th May, 1838, in full of all claims which we have against him to this date; and we hereby release him from all such claims and demands, and from all responsibilities in consideration of the assignment of said note." Signed by the plaintiffs, by their agent. This being a negotiable instrument, the present plaintiffs, being assignees, had a right to sue the present defendant, their immediate indorser, or the payee of the note as a remote indorser. But the payee of the note was released by the plaintiffs from all responsibility under the assignment. And the question is raised whether this release does not, also, go to discharge the present defendant.

In the case of English v. Darley, 2 Bos. & P. 62, Lord Eldon said, "Had the plaintiff first sued a prior indorser and discharged him from execution, it would have afforded a sufficient objection to an action against a subsequent indorser." And it has been declared that any credit given by the holder of a bill to the drawer, acceptor, indorser or promissor, is a consent to hold the bill upon their responsibility; and that the holder has no remedy afterwards but against them, where the circumstances of the transaction

have rendered them liable absolutely. Shaw v. Grifith, 7 Mass. 494. In the case of Smith v. Knox, 3 Esp. 46, 48, Lord Eldon remarked, "It is said that the holder may discharge any of the indorsers after taking them in execution, and yet have recourse to the others. I doubt the law as stated so generally. I am disposed to be of opinion that if the holder discharge a prior indorser, he will find it difficult to recover against a subsequent one." And this is the doctrine in the case of Lewis v. Jones, 4 Barn. & C. 506, 515, note, where it is expressly said that the releasing an acceptor or other prior party to a bill or note would discharge a subsequent party. This is fully established in a great number of cases. Stewart v. Eden, 2 Caines, 121; 6 Dowl. & R. 567; 8 East, 576. Time given to a drawer, or prior indorser, would discharge all subsequent parties. But an acceptor or maker of a note can only be discharged by payment. All others are deemed sureties. 10 Barn. & C. 584. Chancellor Kent, in treating on this subject (3 Comm. 112), says, "The holder may give time to an immediate indorser, and proceed against the parties behind him. A prior party to the bill is not discharged by a release of a subsequent party. But the holder cannot reverse this order, and compound with prior parties without the consent of subsequent ones, for it varies the rights of the subsequent parties and discharges them." Sargent v. Appleton, 6 Mass. 85; Clopper v. Union Bank of Maryland, 7 Har. & J. 100.

From the above authorities it is clear that the release of a prior indorser, by the holder of a bill, discharges all subsequent indorsers. The release in this case was to the payee of the note, who was the first indorser, and the suit is brought against his indorsee, who assigned the note to the plaintiffs. It does not appear whether or not the defendant was an accommodation indorser; if he were, the injustice to him would be flagrant, by attempting to recover the amount of the note from him, after releasing the first indorser. As by the release the first indorser was discharged "from all responsibility in consideration of the assignment of said note," we think the second indorser is also discharged, and that the plaintiff cannot sustain his action, &c. Judgment.