Shaw, C. J.
The action is assumpsit, originally brought on the money counts only, but afterwards a special count was filed, and a specification of the plaintiff’s claim under the rule of court.
The instrument stated in the declaration and offered and relied on in evidence is dated February 24, 1849.
It purports to be an agreement of the subscribers to form a joint stock company, &c.
*253 To purchase in equal shares of the present owners of the barque; authorize them to fit her, &c.; and pay the said-, probably owners, in addition to expenses, &e., $1,500.
This was signed by the three plaintiffs, the four or five defendants, and a large number of others.
It is a promise by all the subscribers; it is not a promise to the plaintiffs nominatim, but the plaintiffs insist that it is a promise to them by implication, because they were the owners.
The plaintiffs then offered evidence to prove that they were the owners. Coffin, the builder, testified that the three plaintiffs did contract for her, though the contract was in the name of Myrick & Co., but that they could not pay for her, and in consequence of this he conveyed her to other persons.
This promise was dated 24th February, 1849. The defendants offered a release executed 27th April, 1849, from Myrick and Leavitt, two of the plaintiffs, to the three defendants and some others, of all claims and demands due them personally or to them or either of them jointly with Farrar, the third plaintiff.
The court, on the evidence, instructed the jury that the action could not be maintained, to which the plaintiffs excepted.
We think this direction is right on several grounds.
1. The first is, that the promise not being made to the plaintiffs by name, but the promise being only to pay the owners, the plaintiffs could not show themselves the promisees, by the words of description, without proving their ownership, and their capacity to convey; and this proof failed. The evidence is that they contracted with the builder, to purchase her, but they did not comply with that contract, and he,' in fact, conveyed her to other persons. This is not controlled by the fact of their getting her insured.
This, however, does not appear to be the ground of excep tion taken at the trial, but there are two others depending merely upon matters of law, which are decisive.
2. That the plaintiffs and the defendants were jointly concerned in.getting up the stock company, that the plaintiffs were members, and if there was any promise to the plaintiffs, *254 it was a promise made by themselves, equally with the others, and being equally promisees and promisors, they cannot sue themselves, and their only remedy would be in equity, for an account as between partners.
3. This is a joint action; a release, by two of the plaintiffs, is a bar. It is an extinguishment of the debt, due by the contract, if any ever existed. Tuckerman v. Newhall, 17 Mass. 581, 590.
To avoid the effect of this release, it was stated by the counsel in his opening, that the action was brought in fact by Farrar only, in the name of the three, to recover his third part of the benefit of the contract specified, to wit, his own several charges and expenses, together with $500, one third part of the $1,500 promised by the contract. But it is very manifest that if a contract at all, this was an open, entire, and executory contract, never severed, and the plaintiff has so treated it, by bringing an action in the name of the three plaintiffs jointly.
The plaintiff argued that he had a right to give evidence aliunde, that, though the written paper appears to be a joint undertaking of all the signers, in fact, the first three were parties of the first part, contracting with the others as parties of the second part; and the case of Carpenter v. King, 9 Met. 511, was cited.
That case held only, that when two persons had signed a. written contract and obligation to a third, it might be shown by evidence alvmde, for the purpose of adjusting the relative rights and duties between the two obligors, that one was principal and the other surety. But that is not an authority for this point.
The admission of such evidence would be contrary to the plain rule, that parol evidence is not admissible to control or contradict written evidence.
It was also insisted that it should have been left to the jury, on the evidence to find, that the release given by two of the plaintiffs was a fraud on the third, and therefore could not avail the defendants. It was an offer by the three plaintiffs to prove that two of them committed a fraud on the third, in order to defeat the defendants of a legal defence, which they *255 were making against a claim of the three. It was sufficient to state such a proposition to show it inadmissible.
If the plaintiff relied on a separate cause of action, he should have sued alone; but it is manifest that the evidence here offered would not sustain such action.
The plaintiff contended that this release could not avail the defendants, because. it did not purport to be the act and release of the three. True, it was not the act of three, but it was the act and release of the two ; and a release by either was a good defence to a joint action.
The authority cited by the plaintiffs is in point to show that a release by one is a good bar to a joint action. Pierson v. Hooker, 3 Johns. 68.
It was further insisted that there was no consideration for the release. Being under seal none was necessary.

Exceptions overruled and judgment on the verdict.