SCHOFIELD *et al.* v. McGREGOR, appellant.

*Contract — rescinding by one of several parties to.*

Plaintiffs, trustees of a school district, contracted with defendant, in writing, to build for them a school-house, and authorized S., one of the plaintiffs, to superintend the construction. After the work had been partly performed, defendant abandoned it. To an action by plaintiffs for damages for breach of the contract, defendant set up as a defense that he had been discharged from the contract by said S. The court charged the jury that a discharge by S., without the knowledge or consent of his co-trustees, would not release the defendant from the contract. *Held* error, and that such a discharge would rescind the contract.

ACTION to recover damages for breach of contract by defendant to build a school-house.

The plaintiffs composed the board of education of school district No. 3 of the town of Fishkill. In April, 1872, plaintiffs and defendant entered into a contract, in writing, whereby the defendant agreed to furnish the materials and do the carpenter work on a school-house for plaintiffs, according to certain plans and specifications, in consideration of the sum of $5,000, $1,000 of which was to be paid when the first tier of floor timbers was laid.

The defendant entered upon the performance of the contract, performed labor and furnished materials, and when the first tier of beams was laid, received payment of one thousand dollars. The defendant then abandoned the work. The plaintiffs had the work completed by other parties, and brought this action for damages in the sum of twelve hundred dollars.

The defendant alleged as a defense that plaintiffs refused to allow defendant to complete his contract. It appeared in evidence that the plaintiff, Schofield, had been authorized and directed by the plaintiffs to oversee the work, and there was evidence tending to show that said Schofield discharged said defendant from the contract and ordered him to abandon the work. This Schofield denied.

The court charged the jury, among other things, that if they were satisfied that the defendant was discharged by Mr. Schofield, and that the other trustees having knowledge of the fact assented to it, the plaintiffs could not recover; but that "the act of Mr. Schofield alone would not be binding upon these trustees, for the reason that there was no partnership relation between them, nor was Mr. Schofield the agent of his co-trustees." The defendant excepted.

The jury rendered a verdict for the plaintiffs in the sum of $375, and defendant appealed from the judgment thereon.

*H. H. Hustis,* for appellant.

*Anthony & Losey,* for respondents.

BARNARD, P. J. I think the justice erred on the trial in not permitting the jury to determine the fact of the discharge of defendant by Schofield, one of the plaintiffs.

As a general rule, one of many parties to a contract in writing may rescind it. *Pierson* v. *Hooker,* 3 Johns. 68; *Fitch* v. *Forman,* 14 id. 172; *Lattimore* v. *Harsen,* id. 330; *Buckley* v. *Dayton,* id. 387; *Austin* v. *Hall,* 13 id. 286; *Wheeler* v. *Curtis,* 11 Wend. 653.

In this case the plaintiffs themselves proved that the plaintiffs, as a board, had voted that Schofield should be the superintendent and overseer of the building. The fact of the discharge by Schofield was denied. I think if Schofield was by vote made superintendent and overseer by plaintiffs, and he did discharge defendant from the contract, this action fails.

The jury were told that Schofield could not discharge defendant, even if he was superintendent and overseer of plaintiffs.

The judgment should be reversed and a new trial granted, costs to abide the event.

*Judgment reversed and new trial granted.*