Sneed, J.,
delivered the opinion of tbe court.
The bill in this case was filed to recover $280, the amount of defendant’s alleged indebtedness to the complainant, and prays for an attachment of the property of defendant. It charges that upon a settlement of all matters of account between the parties the foregoing amount was found to be the balance due to complainant, and that the defendant then and there gave to the complainant an order for the amount upon one Norton, with the distinct understanding and agreement that if Norton would not pay the amount, he, the defendant, would. The allegations of the bill are established by the proof. The answer denied the agreement, and claims that the defendant was entitled to notice of demand and nonpayment of the order before the complainant could recover. This would have been so if the action had been upon the order, but the action is predicated alone upon the original consideration. The statute provides that in an action upon such orders no suit shall be prosecuted against the drawer thereof before the order shall have been first protested for nonacceptance, and notice thereof given to the drawer before action brought, and if any such action be brought on any such order before such notice and refusal of payment by the drawer, the plaintiff shall be nonsuited, and pay costs. Code, sec. 1961 [Shannon’s Code, sec. 3510]. Under this act it was held that orders were not put upon the footing of bills of exchange. An order is not negotiable, and is only prima facie evidence of a debt, of itself not sufficient to sustain a recovery without proving a consideration. It is *672 not an extinguishment of the precedent demand, and does not prevent a party from bringing his action on the original contract.
If action is brought on the original liability, evidence of demand, protest, and notice is not necessary. Porter v. Dillahunty, 8 Hum., 575; Harwell v. McCullock, 2 Tenn., 275; Kennel v. Muncey, Peck, 273; Nichol v. Thompson, 1 Yer., 151. In this case the suit is not upon the order, but upon the original contract, and the complainant has fully made out his case upon the proof.
When the case was called in the chancery court the complainant demanded a jury to try the issues of fact. A jury was thereupon impaneled, under the • order of the chancellor, and the trial proceeded. A witness was produced by complainant to be examined viva voce. The defendant objected to his examination on the ground that under rule 16 of the old chancery rules he was entitled to one day’s notice of the introduction of viva voce testimony in such cases. The chancellor overruled the objection and admitted the testimony. The rule referred to is not among the rules of chancery practice, adopted on the fourteenth of December, 1871 [Shannon’s Code, p. 1777], but whether now in force or not it is not necessary to inquire, as it had reference to the introduction of viva voce testimony before the chancellor, and not before a jury in chancery. Our statutes expressly provide that the trial by jury before the chancellor shall be conducted as jury trials at law, and upon like evidence as a suit at law. Code, sec. 4467 et seq. [Shannon’s Code, sec. 6284 et seq.]. No notice in such cases was necessary. All the issues were found for the complainant upon ample proof, and the chancellor decreed accordingly.
Let the decree be affirmed.