## Julius Goldzier and John L. Rodgers v. Joseph Poole.

1. ATTORNEYS—*Liability for Negligence in the Management of Suits.* —In suits against attorneys at law for damages by reason of negligence in the management of the client's litigation, the extent of the damages must be affirmatively shown, for the attorney is only liable for the actual injury which his client has sustained, and not necessarily for the amount of the client's demand.

2. SAME—*Measure of Damages for Negligence.*—In suits against attorneys for the loss of claims by negligence, in order to recover beyond nominal damages, it must be shown that it was a subsisting debt and that the debtor was solvent.

**Action in Case,** for negligence in the management of suits. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term 1898. Reversed and remanded. Opinion filed May 22, 1899.

**Statement of the Case.**—Appellee brought this suit against appellants, who are attorneys at law, as an action on the case for damages, alleging that appellants had been retained by him to prosecute a suit for damages against the Bouton Foundry Company, on account of an injury sustained by him by reason of the negligence of that company, and that appellants had negligently permitted said suit to be dismissed, whereby the claim of appellee was lost, etc.

The negligence alleged on the part of appellants is that on the 20th day of April, 1893, when the case was called, "the said defendants then and there negligently failed to appear and respond to said call in behalf of the plaintiff, as it was then and there their duty to do, and in consequence of said failure the said case was then and there dismissed for want of prosecution."

It is further alleged that thereafter and before another suit could be made available, on the 1st of July, 1893, the Bouton Foundry Company became wholly insolvent, so that a judgment could not be collected from it.

Upon the trial the jury returned a verdict of $2,500 damages against the appellants, on which, after overruling a motion for new trial, and a motion in arrest of judgment, the court rendered the judgment, from which this appeal is prosecuted.

HENRY HIESTAND, attorney for appellants.

In case of negligence the extent, of the damages must be affirmatively shown, for the attorney is only liable for the actual injury his client has received and not necessarily for the nominal amount of the demands for collection. 2 Greenl. Ev., Sec. 146. Accordingly when a debt is alleged to have been lost by the attorney's negligence it must be shown that it was a subsisting debt and that the debtor was solvent. Staples' Ex'r v. Staples, 85 Va. 85; Weeks on Att'ys (2 Ed.), S. 319.

The damages do not necessarily extend to the amount of the debt lost by the attorney's negligence, but only to the loss actually sustained. Eccles v. Stephenson, 3 Bibb. (Ky.) 517; Cox v. Sullivan, 7 Ga. 148.

It must be shown, therefore, not only that the attorney was grossly negligent in proceeding against the maker of the note, but that the amount might have been collected from him had the proper steps been taken. Suydam v. Vance, 2 McLean, 99.

J. D. RILEY, attorney for plaintiff; RUFUS COPE, of counsel, contended that where a client loses his claim by reason of the negligence of his attorney, the burden is on the attorney to show that the claim could not have been collected, citing Moorman v. Wood, 117 Ind. 144.

MR. JUSTICE SEARS delivered the opinion of the court.

But one question is presented which need be considered, viz., as to the burden of proof of solvency or insolvency of

the Bouton Foundry Company, at the time when the suit of appellee against that company was permitted to be dismissed. The declaration alleges that on July 1, 1893, after the dismissal of the suit of appellee, the Bouton Foundry Company became insolvent, and that thereby appellee's claim was lost and appellee was injured. Appellee's suit was dismissed on April 20, 1893. Counsel for appellee contend that the burden of showing insolvency of the company, which would have made the claim of appellee of no value at the time of the dismissal of the suit, is upon appellants; while counsel for appellants contend that it was incumbent upon appellee to show that his claim was of value when his suit was dismissed, *i. e.*, that the company was then solvent. The evidence shows only that on July 15, 1893, the Bouton Foundry Company was an insolvent, of record in the County Court.

In suits against attorneys at law for damages by reason of negligence of the attorney in the management of the client's litigation, it is a general rule that the extent of the damages must be affirmatively shown, for the attorney is only liable for the actual injury which his client has sustained, and not necessarily for the nominal amount of the client's demand. Weeks on Att'ys at Law (1st Ed.), 293; 2 Greenleaf Ev., Secs. 146, 148; Suydam v. Vance, 2 McLean, 99; Cox v. Livingston, 2 Watts & Serg. 103; Harter v. Morris, 18 Ohio St. 493; Eccles v. Stephenson, 3 Bibb (Ky.) 517; Cox v. Sullivan, 7 Ga. 144.

Hence, when a claim is alleged to have been lost by the attorney's negligence, in order to recover beyond nominal damages, it must be shown that it was a subsisting debt, and that the debtor was solvent. Weeks on Att'ys at Law, 293; Russell v. Palmer, 2 Wils. 325, also reported in 2 Comyn on Cont., 3d Am. Ed., p. 252; Bruce v. Baxter, 7 B. J. Lea, 477; Staples v. Staples, 85 Va. 76; Pennington v. Yell, 6 Eng. (Ark.) 212.

There are decisions holding to the contrary, but we think that the weight of authority supports the rule as announced by the citations above. All of the decisions to the contrary

will be found to have been based, either directly or indirectly, upon the authority of Godfrey v. Jay, 7 Bing. 412. That case was decided in 1831, and appears to have been altogether based upon the authority of Marzetti v. Williams, 1 Barn. & Ad. 415, which was decided in King's Bench in 1830. But in Marzetti v. Williams it was only held that the plaintiff was entitled to nominal damages in absence of proof of actual damages.

The authorities cited in Moorman v. Wood, 117 Ind. 144, relied upon by appellee, do not support that decision, in so far as it announces the doctrine contended for by counsel for appellee.

In Collier v. Pullman, 13 B. J. Lea, 114, the decisions *contra* are distinguished from cases like the one here, where the interest lost by negligence of the attorney is a demand for money or damages, and where the value of the interest lost; and hence the actual injury resulting from the negligence, depends wholly upon the validity of the demand, and the solvency of the one against whom the demand was made.

We do not regard decisions in cases where the attorney is chargeable with fraud (Jennings v. McConnel, 17 Ill. 148, and others), as in point or controlling in cases where, as here, the only ground of action is negligence. There being no decision in this State which is applicable to the facts of this case, and the authorities elsewhere being conflicting, we are inclined to adopt that rule as the safer and supported by the better authority, which, permitting a recovery beyond nominal damages only to the extent of the actual injury, makes it the burden of the plaintiff to establish his measure of damages, and to show what the actual injury is, by showing the validity of the demand which he has lost, and the fact that it could in part or in whole have been realized had the attorney not been negligent. The right to nominal damages, upon showing of the breach of duty, can not be questioned, but the right to substantial damages, as are here awarded, should depend upon the extent of the actual injury.

In the case under consideration, the insolvency of the Bouton Foundry Company, against which appellee had a demand, appears of record on July 15, 1893.

Whether it was in like financial condition, or better, or worse, twelve weeks before, *i. e.*, on April 20th, when the suit was dismissed, can not be determined from the evidence. We think that its then condition should be made to appear in order to entitle appellee to recover substantial damages against appellants.

If no presumption of solvency to meet contractual obligations obtains, sufficient to entitle to substantial damages in this class of cases, as seems to have been held by the authorities above cited, then it is certain that it can not be presumed that this corporation, insolvent in July, 1893, was able to respond to a demand for $2,500 damages in April, 1893.

The judgment is reversed and the cause remanded.